# STATE OF MICHIGAN

# COURT OF APPEALS

In re BALLARD Minors.

FOR PUBLICATION
February 27, 2018
9:05 a.m.

Nos. 339312, 339313, 339314
Van Buren Circuit Court
Family Division
LC Nos. 13-017768-JG,
13-017769-JG,
13-017770-JG

Before: MURPHY, P.J., and O'CONNELL and K. F. KELLY, JJ.

MURPHY, P. J.

This case presents a pure legal issue, making it unnecessary to delve into the facts in any great detail. Petitioner fathered three children, and they were removed from his and the mother's care by the Department of Health and Human Services because of an inability to care for the children's needs and a poor home environment. The children were placed with respondents, the children's maternal grandparents. Subsequently, the trial court appointed respondents as the children's juvenile guardians, and petitioner's parental rights were not terminated. For several years thereafter, petitioner maintained a relationship with respondents and his children, engaging in regular parenting time with them absent any visitation court order. A dispute then arose between petitioner and respondents, parenting time was halted by respondents, and petitioner filed a petition to terminate the guardianships, along with a subsequent motion seeking interim parenting time. The parties later agreed to temporarily place in abeyance the issue concerning termination of the guardianships, focusing instead on the question of parenting time. The trial court determined that under the statutory scheme, it lacked the authority to order parenting time for petitioner, as respondents had complete and unfettered discretion on the matter. Petitioner now appeals.[1] The question posed to us is whether the trial court had or lacked the authority to order parenting time under the circumstances. We hold that the trial court has such authority; therefore, we reverse and remand for further proceedings.

---

[1] Petitioner filed a claim of appeal as of right. Assuming that the appeal should have been filed as an application for leave to appeal, we will treat the appeal as an application for leave, grant leave, and address the substantive issue. *Rains v Rains*, 301 Mich App 313, 320 n 2; 836 NW2d 709 (2013).

We review de novo issues of statutory construction. *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 252; 901 NW2d 534 (2017). The *Kemp* Court further observed:

> When interpreting statutes, our goal is to give effect to the Legislature's intent, focusing first on the statute's plain language. In so doing, we examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme. When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written. [*Id.* (citations and quotation marks omitted).]

MCL 712A.19a, which pertains to permanency planning hearings, governs juvenile guardianships created after child protective proceedings have been initiated and in place for a certain period of time but termination of parental rights has not occurred.[2] "If the court determines at a permanency planning hearing that a child should not be returned to his or her parent, the court may order the agency to initiate proceedings to terminate parental rights." MCL 712A.19a(8). With various exceptions, "if the child has been in foster care under the responsibility of the state for 15 of the most recent 22 months, the court shall order the agency to initiate proceedings to terminate parental rights." *Id.* MCL 712A.19a further provides in relevant part:

> (9) If the agency demonstrates under subsection (8) that initiating the termination of parental rights to the child is clearly not in the child's best interests, or the court does not order the agency to initiate termination of parental rights to the child under subsection (8), then the court shall order 1 or more of the following alternative placement plans:
>
> * * *
>
> (c) Subject to subsection (11), if the court determines that it is in the child's best interests, appoint a guardian for the child, which guardianship may continue until the child is emancipated.

MCL 712A.19a(11) mandates criminal background checks, home studies, central registry clearances, and investigations relative to proposed guardians. "The court's jurisdiction over a guardianship created under this section shall continue until released by court order[,] [and] [t]he court shall review [the] guardianship . . . annually and may conduct additional reviews as the court considers necessary." MCL 712A.19a(14) provides:

> In making the determinations under this section, the court shall consider any written or oral information concerning the child from the child's parent, guardian, custodian, foster parent, child caring institution, relative with whom the

---

[2] Compare MCL 712A.19c, which applies to juvenile guardianships created only where there has been termination of parental rights.

child is placed, or guardian ad litem in addition to any other evidence, *including the appropriateness of parenting time*, offered at the hearing. [Emphasis added.]

This provision authorizes a trial court to contemplate an order of parenting time in the context of appointing a guardian under MCL 712A.19a(9)(c). Accordingly, a situation can arise where a juvenile guardianship is created by the court, with the court additionally ordering parenting time for a parent whose parental rights have not been terminated. Thus, during the course of a juvenile guardianship, a child's parent may indeed be exercising parenting time if previously ordered. And the court would certainly have the authority to increase, decrease, or terminate that parenting time during the guardianship if the circumstances warranted court intervention; the original parenting time order could not be indefinitely fixed. Because MCL 712A.19a(14) plainly envisions a trial court having an authoritative role with respect to parenting time during the course of a guardianship, we construe MCL 712A.19a(14) to provide a court with authority to order parenting time for a parent after a juvenile guardianship has been established, even though parenting time was not initially ordered when the guardianship commenced or at the time of the permanency planning hearing. The language in MCL 712A.19a(14) plainly reflects legislative intent to permit the issuance of parenting time orders in regard to an ongoing guardianship. We therefore conclude that the trial court did have the authority to order parenting time for petitioner, and the case is remanded for the court to entertain petitioner's motion for parenting time.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Peter D. O'Connell
/s/ Kirsten Frank Kelly

-3-