*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MURRELLS INLET CORPORATION,

      Plaintiff-Appellee,

v

ABRAHAM NUNU, NUNU INVESTMENT,
INC., NUNU INVESTMENT GROUP, INC.,
MIKE PIRZADEH, and MK REALTY GROUP,
LLC, doing business as ERA DYNASTY,

      Defendants,

and

WARREN INVESTMENT, INC. and CANTON
INVESTMENTS & DEVELOPMENT, INC.,

      Defendants-Appellants.

UNPUBLISHED
October 10, 2019

No. 344062
Wayne Circuit Court
LC No. 08-019134-CK

Before: CAVANAGH, P.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Defendants, Warren Investment, Inc. (Warren) and Canton Investments & Development, Inc. (Canton) (collectively, "defendants")[1], appeal as of right the trial court order granting

---

[1] Plaintiff added Canton as a party to this matter but plaintiff's amended complaint improperly refers to Canton as a "third-party defendant." Although referred to as a third-party defendant in the lower court file and in the parties' briefs on appeal, "defendant" is the proper party designation for Canton, and it will be referred to as such.

-1-

plaintiff, Murrells Inlet Corporation, summary disposition in this dispute regarding the sale of real property.[2] We affirm.

This case arises from the sale of real property located at 12000 Gratiot, in Detroit, Michigan. It is a commercial property, with a Subway restaurant as a tenant. The property was owned by Warren, and codefendants Abraham Nunu, Nunu Investment, Inc. (Nunu Investment), and Nunu Investment Group, Inc. (Nunu Investment Group). The sale was conducted through codefendant realtor Mike Pirzadeh, who worked for codefendant MK Realty Group, LLC, doing business as ERA Dynasty. During the sale negotiations, the lease provided to plaintiff indicated that Subway paid $4,500 in rent each month. Plaintiff closed on the property on October 31, 2008, for a purchase price of $350,000. Plaintiff and Warren agreed to a second mortgage from Warren to plaintiff in the amount of $17,500. When plaintiff first attempted to collect rent from Subway in November 2008, the Subway representative produced a second amendment to the lease, indicating that rent was only $1,500 each month. The second amendment to the lease was not provided to plaintiff during the negotiations. Plaintiff filed suit in December 2008, and when Warren and several of the other codefendants failed to respond, a default judgment was entered in the amount of $363,401.86, for the sale price of the property, plus interest.

On September 2, 2015, unbeknownst to plaintiff, Warren executed an assignment of the second mortgage to Canton, and Canton executed a claim of interest in the property. On October 13, 2015, plaintiff filed a motion to partially apply the default judgment to plaintiff's debt to Warren, and to discharge the second mortgage. Warren initially filed a response in opposition, but withdrew its response on October 29, 2015. The same day, the assignment of the second mortgage and Canton's claim of interest were filed with the Wayne County Register of Deeds. The next day, October 30, 2015, the court entered an order finding the default judgment partially satisfied by the amount plaintiff owed Warren on the second mortgage, and discharged the second mortgage. Over $400,000 remained due on the default judgment.

It was not until October 2017 that plaintiff moved to add Canton as a party to this case, which the court granted. Plaintiff filed an amended complaint, alleging that Canton's interest was void and a cloud on the title because the court discharged the second mortgage. Plaintiff thereafter filed a motion for summary disposition, which the trial court granted. This appeal followed.

Defendants argue on appeal that they are entitled to an offset of the damages awarded in the default judgment for the amounts that plaintiff received from subsequent litigation involving the same real property, and because plaintiff retained ownership of the real property, and that the grant of summary disposition was premature pending discovery. We disagree.

---

[2] Default judgments were also entered against codefendants Abraham Nunu, Nunu Investment, Inc., and Nunu Investment Group, Inc., but they did not participate in the proceedings supplementary to the judgment or this appeal. The remaining codefendants, Mike Pirzadeh and MK Realty Group, LLC, doing business as ERA Dynasty, were dismissed from this matter after accepting the case evaluation award. They are not subject to this appeal.

"Generally, an issue is not properly preserved if it is not raised before, addressed by, or decided by the lower court or administrative tribunal." *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). Defendants' claim of appeal is of the order granting plaintiff summary disposition. Plaintiff filed a motion for summary disposition under MCR 2.116(C)(9) and (C)(10), arguing that Canton's interest in the property was null and void because the court previously discharged the second mortgage that was assigned from Warren to Canton. Canton filed a response, the court held a hearing, and the parties argued consistent with their briefs. The court granted plaintiff summary disposition because Canton took assignment of the second mortgage subject to all defenses, and the court had discharged the second mortgage. Thus, to the extent that defendants appeal the trial court's grant of summary disposition to plaintiff, this issue is preserved. *Id*.

However, defendants' main argument on appeal is that they are entitled to an offset in damages from the default judgment. Plaintiff asserts that defendants have no such appeal because no order was ever entered regarding offsets. At the continued hearing on plaintiff's motion to add Canton as a party and Warren's motion for an accounting, held December 11, 2017, the court stated:

> Now, with regards to defendant Warren's request for the value of the property, that issue has not been appealed. There was an entry of judgment. The issues, in terms of whether or not there's a set[]off for the value of the property, wasn't raised at that time, according to the records, and at this point, since that judgment was entered in 2009, it's too late to raise any issues as it relates to a set[]off.

But "a court speaks through its written orders and judgments, not through its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). Thus, this issue was not "decided by" the lower court in terms of preservation. See *Gen Motors Corp*, 290 Mich App at 386. However, "this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006). Therefore, we may consider this unpreserved issue.

Plaintiff moved for summary disposition under MCR 2.116(C)(9) and (C)(10). The trial court granted plaintiff summary disposition under both subrules.[3] This Court reviews a trial court's decision on a motion for summary disposition de novo. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). When deciding a motion under MCR 2.116(C)(9), the trial court considers the pleadings alone, accepting as true all well-pleaded allegations, to assess the sufficiency of a defendant's defenses. *Abela v Gen Motors Corp*, 257 Mich App 513, 517; 669 NW2d 271 (2003), aff'd 469 Mich 603 (2004). "Summary disposition under MCR 2.116(C)(9)

---

[3] The trial court incorrectly provided that plaintiff moved for summary disposition under MCR 2.116(C)(8) and (C)(10), rather than MCR 2.116(C)(9) and (C)(10). But when rendering its decision the court properly referred to the standard under MCR 2.116(C)(9), stating "the defendant has failed to state a valid defense to the claims asserted against it."

is proper when the defendant's pleadings are so clearly untenable that as a matter of law no factual development could possibly deny the plaintiff's right to recovery." *Id*. at 518.

When reviewing a motion under MCR 2.116(C)(10), this Court "must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence in favor of the party opposing the motion." *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 202; 544 NW2d 727 (1996). The motion is properly granted if (1) there is no genuine issue related to any material fact, and (2) the moving party is entitled to judgment as a matter of law. *Klein v HP Pelzer Auto Sys, Inc*, 306 Mich App 67, 75; 854 NW2d 521 (2014). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Generally, an award of damages is considered a finding of fact that is reviewed for clear error. *Triple E Produce Corp v Mastronardi Produce, Ltd*, 209 Mich App 165, 177; 530 NW2d 772 (1995). "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id*. at 171. Absent a statutory mandate authorizing a setoff in a specific circumstance, setoff is a matter in equity that is an appropriate method in satisfying judgments. *Mahesh v Mills*, 237 Mich App 359, 361-362; 602 NW2d 618 (1999). A trial court's decision whether to grant equitable relief is reviewed de novo. *Webb v Smith (After Second Remand)*, 224 Mich App 203, 210; 568 NW2d 378 (1997); *Olsen v Porter*, 213 Mich App 25, 28; 539 NW2d 523 (1995). Issues concerning a setoff of damages are, therefore, reviewed de novo. *Markley v Oak Health Care Investors of Coldwater, Inc*, 255 Mich App 245, 249; 660 NW2d 344 (2003).

However, because the issue of a setoff in damages is unpreserved, the standard of review is plain error affecting substantial rights. *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 442; 906 NW2d 482 (2017). "To avoid forfeiture under the plain-error rule, three requirements must be met: (1) an error must have occurred; (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *Rivette v Rose-Molina*, 278 Mich App 327, 328-329; 750 NW2d 603 (2008) (quotation marks and citation omitted). " '[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings.' " *Lawrence*, 320 Mich App at 443 (citation omitted).

## I. JURISDICTION

As an initial matter, plaintiff asserts on appeal that this Court lacks jurisdiction because defendants' appeal is actually of the denial of offsets from the default judgment which was entered in 2009.

Although the order granting plaintiff summary disposition is listed as the order appealed from, defendants' main argument on appeal is that they are entitled to an offset in the damages awarded to plaintiff in the default judgment entered in May 2009. After the default judgment was entered, Warren did not file a motion seeking any offsets from the award. On December 14, 2009, the court entered an order of dismissal relating to the claims against Pirzadeh, and provided that the order "resolves all pending claims and closes this case." This was the appropriate point in time for Warren to file an appeal as of right of the default judgment, but

Warren failed to do so within 21 days of the December 14, 2009 order. See MCR 7.204(A)(1)(a) (an appeal of right in a civil action must be filed within 21 days).

Rather, defendants' appeal is from a supplementary proceeding under MCR 2.621(H), which provides that "[a] final order entered in a supplementary proceeding may be appealed in the usual manner." Plaintiff argues that Warren did not file a motion seeking a setoff in the proceedings supplementary to judgment, and the court never issued a written ruling on it, so there can be no appeal. This relates to issue preservation, rather than jurisdiction. As noted above, the trial court made a ruling from the bench that it was too late for Warren to raise the issue of a setoff, and despite the lack of a written ruling, this Court may review the unpreserved issue. Lastly, plaintiff asserts that there is no monetary judgment issued against Canton to which a credit would apply, and plaintiff's slander-of-title claim against Canton remains unresolved, so the May 10, 2018 order granting plaintiff summary disposition was not a final order.

MCR 2.621 does not define a "final order" for purposes of appeal in a proceeding supplementary to judgment. MCR 2.621(H). "A final order is an order which, by itself or in conjunction with previous orders, disposes of all of the claims of all of the parties or is an order which, although otherwise not final, disposes of at least one claim of one party and is certified as a final order under MCR 2.604(A)." *Dean v Tucker*, 182 Mich App 27, 30; 451 NW2d 571 (1990). See also MCR 7.202(6)(a)(*i*). According to this definition, the order granting plaintiff summary disposition is not a final order because it did not dispose of plaintiff's slander-of-title claim, and therefore, this Court would lack jurisdiction. The order does not include language indicating that it is a final order or closes the case.

Conversely, proceedings supplementary to judgment warrant a different approach. MCL 600.6101 provides: "A proceeding under this chapter may be maintained until the judgment is satisfied, vacated, or barred by the statute of limitations." Therefore, it appears that proceedings supplementary may involve the entry of multiple orders deciding the interests of outside parties in the course of a judgment creditor's efforts to collect on the judgment. In this respect, the proceedings may be compared to probate court cases involving the administration of a decedent's estate, which also involve multiple final orders. See *In re Swanson Estate*, 98 Mich App 347, 352; 296 NW2d 256 (1980) ("The test of finality of an order is whether it affects with finality any of the rights of the parties in the subject matter."). Thus, this Court will treat defendants' appeal as an application for leave to appeal, grant the application, and proceed on the merits of defendants' claims. See *In re Ballard*, 323 Mich App 233, 235 n 1; 916 NW2d 841 (2018).

II. SUMMARY DISPOSITION

Defendants argue on appeal that the trial court erred in prematurely granting plaintiff summary disposition where discovery was incomplete. We disagree.

Generally, when discovery on a disputed issue is not complete it is premature to grant a motion for summary disposition. *Oliver v Smith*, 269 Mich App 560, 567; 715 NW2d 314 (2006) (citation omitted). The "mere fact" that the discovery period is still open does not automatically render a trial court's grant of summary disposition untimely or inappropriate. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264,

-5-

292; 769 NW2d 234 (2009). If further discovery is reasonably unlikely to uncover factual support for a party's position, summary disposition may be appropriate. *Oliver*, 269 Mich App at 567 (citation omitted). The party opposing summary disposition cannot simply assert that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence. *Marilyn Froling Revocable Living Trust*, 283 Mich App at 292-293.

Defendants argue that summary disposition was premature because discovery was incomplete concerning the other lawsuits that plaintiff was involved in regarding the sale of this property. Defendants hoped to uncover any settlements or awards that plaintiff received to argue that these amounts should be set off against the amount awarded to plaintiff in the default judgment. However, the parties engaged in discovery, and discovery-related motions, before the court granted plaintiff summary disposition.

When defendants initially requested the production of documents related to the other lawsuits that plaintiff was involved in, plaintiff objected, asserting that the requests were irrelevant, outside the scope of discovery, not likely to lead to the discovery of admissible evidence, and merely intended to harass plaintiff. Warren and Canton then filed a motion to compel plaintiff to respond to this request, which the court granted. The court noted that if plaintiff had the documentation, it had to provide it; if plaintiff did not have the information, it could so indicate. Plaintiff filed a supplemental response to the discovery request, indicating that the documents requested were within the public record, and therefore readily accessible to defendants, and plaintiff did not have the documents in its possession. When defendants filed a motion to hold plaintiff in contempt of court because of this response, the court denied the motion, on the basis of the court's grant of summary disposition to plaintiff. This was not in error.

In ruling on plaintiff's motion for summary disposition, the trial court determined that the three other lawsuits that plaintiff was involved in were different and separate causes of action that had no relationship to the matter at hand. The court also found that defendants failed to demonstrate that the other lawsuits involved any claim of fraudulent misrepresentation in the sale of the property. The other lawsuits involving plaintiff included a suit filed against Don Mouchet, the attorney that prepared the closing documents for the sale of the property. Warren alleged that plaintiff received a settlement or judgment against Mouchet, but provided no documentation of such. There was another lawsuit wherein plaintiff was named the defendant, and another lawsuit plaintiff filed against the Subway tenant. Defendants failed to provide documentary proof that any of these other lawsuits related to fraudulent misrepresentation in the sale of the Gratiot property to plaintiff. Thus, there was no reasonable chance that defendants would uncover further factual support for their position, and summary disposition in plaintiff's favor was appropriate. See *Oliver*, 269 Mich App at 567.

Plaintiff argues on appeal that the trial court properly granted it summary disposition under MCR 2.116(C)(9) and (C)(10), on the basis of the merits. We agree. Canton provided the following affirmative defenses with its answer to plaintiff's amended complaint: (1) failure to state a cause of action upon which relief can be granted, (2) doctrine of satisfaction after receipt of all monies, (3) want or failure of consideration, (4) unclean hands, (5) failure to give Canton proper notice of the motion for discharge before the hearing on October 30, 2015, (6) accord and satisfaction, and (7) rule of the case doctrine and res judicata. We agree with plaintiff that

Canton's affirmative defenses failed to comply with MCR 2.111(F)(3), which requires a party to state facts constituting the affirmative defense. Canton merely listed the affirmative defenses without providing facts.

Moreover, none of the affirmative defenses listed by Canton preclude summary disposition in plaintiff's favor. Plaintiff's amended complaint stated a claim upon which relief could be granted, including its claim that Canton's interest should be rendered null and void, and slander of title. Plaintiff's claims were on the basis of the fact that the court discharged the second mortgage that Warren assigned to Canton. The defenses of satisfaction after receipt of all monies and accord and satisfaction are nonsensical as Warren never made payment to plaintiff on the default judgment, which is why plaintiff sought to credit the judgment amount with the amount owed by plaintiff on the second mortgage in 2015. Canton asserted want or failure of consideration as an affirmative defense; however, plaintiff initially paid the purchase price of $350,000 for the property, save the $17,500 second mortgage. Canton does not specify what wrongdoing occurred on the part of plaintiff that would constitute unclean hands. Canton's affirmative defense of lack of notice of the motion to discharge in 2015 is nonsensical because plaintiff did not move to add Canton as a party to this action until 2017. Plaintiff was unaware that Warren executed an assignment to Canton until it was filed in the Wayne County Register of Deeds one day before the court entered the order discharging the second mortgage.

Lastly, the doctrines of rule of the case and res judicata do not appear to apply as there were no prior appeals in this matter. See *Adam v Bell*, 311 Mich App 528, 532; 879 NW2d 879 (2015) (citation omitted) ("The doctrine of res judicata bars a subsequent action when '(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.' "); *Reeves v Cincinnati, Inc*, 208 Mich App 556, 559; 528 NW2d 787 (1995) ("The doctrine of law of the case holds that a ruling by an appellate court with regard to a particular issue binds the appellate court and all lower tribunals with respect to that issue.").

Additionally, summary disposition in plaintiff's favor was appropriate under MCR 2.116(C)(10). There was no genuine issue of material fact that Warren assigned its interest in the second mortgage to Canton, and the second mortgage was discharged by the court. "It is well established that an assignee stands in the shoes of an assignor, acquiring the same rights and being subject to the same defenses as the assignor." *Coventry Parkhomes Condo Ass'n v Fed Nat'l Mtg Ass'n*, 298 Mich App 252, 256-257; 827 NW2d 379 (2012). Thus, Warren assigned its interest in a discharged mortgage to Canton, so Canton effectively had no interest in the property. There was no genuine issue of material fact in this regard, and summary disposition was appropriate. MCR 2.116(C)(10).

## III. SETOFF IN DAMAGES

Defendants also argue on appeal that they are entitled to a setoff in the amount of damages that plaintiff was awarded in the default judgment in the amount of any awards plaintiff received in other lawsuits, and because plaintiff retained ownership and possession of the Gratiot property. We disagree.

"The remedy for breach of contract is to place the nonbreaching party in as good a position as if the contract had been fully performed." *Corl v Huron Castings, Inc*, 450 Mich 620, 625; 544 NW2d 278 (1996). Plaintiff had the burden of proving its damages resulting from Warren and codefendants' misrepresentation and breach of the sales agreement. See *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003). "Setoff" is "a legal or equitable remedy that may occur when two entities that owe money to each other apply their mutual debts against each other." *Walker v Farmers Ins Exch*, 226 Mich App 75, 79; 572 NW2d 17 (1997).

When Warren, Nunu, Nunu Investment, and Nunu Investment Group failed to answer plaintiff's original complaint, a default judgment was entered against them in 2009, in the amount of $363,401.86. This included the $350,000 purchase price of the property, plus interest. Although plaintiff's initial complaint sought to rescind the sales agreement, no order was entered rescinding the contract, or returning ownership of the property to codefendants. When the judgment went unpaid, plaintiff sought partial satisfaction in 2015, in the amount that plaintiff owed on the second mortgage, which the court granted. Given the years of interest that accrued by that time, the balance remaining on the judgment was still $402,682.75. Defendants now assert on appeal that they should be awarded a credit against this amount for $8,000 that plaintiff received from other codefendants, $984 from a writ of garnishment against Warren, and any other award or settlement that plaintiff received from three separate lawsuits that defendants claim relate to the same transaction or occurrence as this lawsuit. This argument is speculative because defendants have provided no documentary evidence of these awards, or proof that the other lawsuits relate to this matter, or the amount awarded in the default judgment.

Defendants asserted in their motion to compel discovery responses, and in their response to plaintiff's motion for summary disposition, that plaintiff received $8,000 from various codefendants and $984 from a writ of garnishment. But defendants attached no documentary proof of such amounts to either filing. Additionally, defendants offered no proof, or even a specific amount, that plaintiff allegedly received as the result of the other three lawsuits. The other three lawsuits included a suit filed by plaintiff against the attorney that prepared the closing documents, a suit filed by plaintiff against the Subway tenant, and a suit in which plaintiff was a named defendant. Granted, this is what defendants' continued discovery requests sought to obtain. However, sufficient information would be available in the public record for defendants to at least support their contention that these three other cases related to this matter to the effect that any amount awarded should be credited against the default judgment. But defendants failed to do so.

Therefore, the court did not err in its ruling on plaintiff's motion for summary disposition when it determined that the other three lawsuits were separate and distinct from the matter at hand, and defendants failed to demonstrate that they were at all related to plaintiff's initial claim of fraudulent misrepresentation in the selling of the property. Plaintiff was awarded damages in the default judgment because it paid the full sales price for the property, on the basis of the misrepresentation that the Subway tenant paid $4,500 each month in rent. When it was discovered that Subway only paid $1,500 in rent, and therefore the value of the property was most likely unequal to the $350,000 sales price, plaintiff was entitled to damages. Defendants' contention that this amount should be offset by any settlements or awards plaintiff has received

in completely separate lawsuits is speculative at best. Therefore, defendants are not entitled to any offsets.

Defendants also argue that they should be entitled to an offset because plaintiff retained possession of the property. This argument lacks merit. As noted above, there was no order entered by the court rescinding the sales contract. Rather, plaintiff was awarded damages for the sales price plus interest. Moreover, plaintiff has not received this award because defendants have failed to pay. Thus, it would seem nonsensical for plaintiff to return ownership of the property when the default judgment remains unsatisfied.

We note defendants' argument on appeal that plaintiff violated MCR 2.113(C)(2), by failing to disclose in the other lawsuits that this lawsuit had already been filed, and was pending. The language in MCR 2.113(C)(2) referred to by defendants has been moved to MCR 1.109(2), which provides:

> (2) *Case Initiation Information.* A party filing a case initiating document and a party filing any response or answer to a case initiating document shall provide specified case information in the form and manner established by the State Court Administrative Office and as specified in other applicable rules. At a minimum, specified case information shall include the name, and address for service, an e-mail address, and a telephone number of every party, and
>
> (a) in a civil action, either of the following statements:
>
> (i) There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint, or
>
> (ii) A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in [this court]/ [ _____ Court], where it was given case number _____ and was assigned to Judge _____. The action [remains]/[is no longer] pending.

Defendants claim that plaintiff's failure to abide by this court rule mandates reversal of the trial court's ruling, but offers no caselaw or court rule in support of this contention. When a party fails to support an argument with citation to any legal authority, the issue is considered abandoned on appeal. *Blackburne & Brown Mtg Co v Ziomek*, 264 Mich App 615, 619; 692 NW2d 388 (2004). "A party may not simply announce its position and leave it to this Court to discover and rationalize the basis for the party's claim." *Badiee v Brighton Area Schs*, 265 Mich App 343, 357; 695 NW2d 521 (2005) (quotation marks and citation omitted). Additionally, defendants provided none of the pleadings in the other lawsuits as proof that plaintiff failed to comply with this court rule. Again, we recognize that defendants sought information through discovery of the other lawsuits; however, the initial pleadings would be easily accessible through public records for defendants to obtain. Regardless, this allegation is irrelevant to the trial court's grant of summary disposition to plaintiff regarding Canton's interest in the property, or defendants' alleged entitlement to a setoff in damages.

We also note and reject plaintiff's contention on appeal that defendants "misapplied" the collateral source rule. Although defendants argued in the trial court that they were entitled to offset damages plaintiff received from "collateral sources," they did not cite to or rely on the collateral source rule in support. The collateral source rule, MCL 600.6303, applies to personal injury actions, not contract actions. See *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 58; 457 NW2d 637 (1990).

Affirmed. Plaintiff is entitled to costs under MCR 7.219(A) as the prevailing party.

/s/ Mark J. Cavanagh
/s/ Jane M. Beckering
/s/ Michael F. Gadola