SIMMONS AIRLINES, INC v NEGAUNEE TOWNSHIP

Docket No. 133116. Submitted October 10, 1991, at Marquette. Decided January 21, 1992, at 9:05 ᴀ.ᴍ.

Simmons Airlines, Inc., after Negaunee Township brought an action against it in the Marquette Circuit Court for collection of unpaid personal property taxes levied on aircraft hangars used by Simmons, filed a petition in the Tax Tribunal to contest the assessment, claiming that the hangars were exempt from personal property taxes. The Tax Tribunal granted summary disposition for the township, ruling that Simmons had not properly invoked the jurisdiction of the tribunal because it failed to protest the assessment before the township's board of review. Simmons appealed.

The Court of Appeals *held:*

MCL 205.735(1); MSA 7.650(35)(1) provides that an assessment, if disputed on the basis of a claimed exemption, must be protested before the appropriate local board of review before the Tax Tribunal may acquire jurisdiction of the dispute. MCL 205.735(2); MSA 7.650(35)(2) requires that in order to invoke the jurisdiction of the Tax Tribunal in such a dispute, a written petition must be filed in the Tax Tribunal within thirty days of the final decision, ruling, determination, or order of the taxing authority. Because Simmons failed to comply with the requirements of §§ 35(1) and 35(2), the Tax Tribunal did not err in granting summary disposition for the township.

Affirmed.

Tᴀxᴀᴛɪᴏɴ — Tᴀx Tʀɪʙᴜɴᴀʟ — Jᴜʀɪsᴅɪᴄᴛɪᴏɴ — Assᴇssᴍᴇɴᴛ Dɪsᴘᴜᴛᴇs.

A taxpayer who is a defendant in a collection action by a taxing authority for unpaid property taxes that the taxpayer disputes on the basis of a claimed exemption that it did not pursue in a protest before the taxing authority's board of review cannot invoke the jurisdiction of the Tax Tribunal to review the validity of the assessment merely by raising the validity of the assessment as a defense to the collection action; the Tax

Rᴇғᴇʀᴇɴᴄᴇs

Am Jur 2d, State and Local Taxation §§ 799, 800, 802, 834.

See the Index to Annotations under Taxes.

Tribunal Act requires that such an assessment must be protested before the board of review before the Tax Tribunal may acquire jurisdiction (MCL 205.735[1]; MSA 7.650[35][1]).

*Mika, Meyers, Beckett & Jones* (by *James K. White* and *James F. Scales*), and *Robert C. Anderson,* for the petitioner.

*Kevin W. Koch,* for the respondent.

Before: GILLIS, P.J., and MICHAEL J. KELLY and GRIBBS, JJ.

GILLIS, P.J. Petitioner appeals as of right from an order of the Michigan Tax Tribunal granting summary disposition to respondent. We affirm.

Respondent, Township of Negaunee, filed an action against petitioner in the Marquette Circuit Court for the collection of the unpaid portion of personal property taxes it claimed petitioner owed on certain airplane hangars located at the Marquette County Airport in the Township of Negaunee. Respondent alleged that petitioner owned the hangars. Petitioner alleged that the hangars were owned by the Marquette County Airport Committee and were exempt from personal property tax.

Petitioner moved for summary disposition, arguing that the Tax Tribunal had exclusive jurisdiction over this matter. The Marquette Circuit Court denied petitioner's motion on the ground that it had jurisdiction over respondent's collection action. However, the circuit court determined that petitioner was entitled to challenge the validity of the personal property tax in the Tax Tribunal.

On April 23, 1990, petitioner filed its "Petition for Redetermination of Tax" with the Tax Tribunal. The petition requested that the Tax Tribunal determine whether the tax imposed by respondent

was valid, and the exemptions claimed by petitioner were set forth.

Subsequently, the Tax Tribunal granted respondent's motion for summary disposition, finding that petitioner had not properly invoked the jurisdiction of the Tax Tribunal because it did not protest the matter to the township's board of review and that it had failed to file a timely appeal to the Tax Tribunal.

The sole issue on appeal is whether the Tax Tribunal properly dismissed this matter on the basis of a lack of jurisdiction.

The jurisdiction of the Tax Tribunal is set forth in MCL 205.731; MSA 7.650(31), which provides as follows:

> The tribunal's exclusive and original jurisdiction shall be:
>
> (a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.
>
> (b) A proceeding for refund or redetermination of a tax under the property tax laws.

Section 35(1) of the Tax Tribunal Act requires that in order to invoke the jurisdiction of the Tax Tribunal in a case involving an assessment dispute where an exemption is claimed, there must first be a protest of the assessment before the township's board of review. MCL 205.735(1); MSA 7.650(35)(1). It is undisputed that petitioner did not protest the assessment before the board of review.

Section 35(2) of the Tax Tribunal Act requires that in order to invoke the jurisdiction of the Tax Tribunal in a case such as this, a petitioner must file a written petition "within 30 days after the

final decision, ruling, determination, or order which the petitioner seeks to review." MCL 205.735(2); MSA 7.650(35)(2). It is undisputed that this action, which concerns personal property taxes for the tax years 1986 through 1989, was not filed with the Tax Tribunal until April 20, 1990, well beyond the thirty-day limit contained in the statute.

Petitioner argues that because its claims were initially raised in the circuit court as a defense to respondent's collection action and its petition in the Tax Tribunal was for a redetermination of tax, it was not required to protest the tax to the township's board of review or file its claim with the Tax Tribunal within thirty days after assessment. In support of this position, petitioner cites *State Treasurer v Eaton,* 92 Mich App 327; 284 NW2d 801 (1979).

In *Eaton,* the State Treasurer brought an action in the Midland Circuit Court for the sale of certain lands belonging to the defendant taxpayer. The complaint alleged that the taxes assessed on the defendant's property had not been paid since 1975. The defendant contested the validity of the taxes before the local board of review in 1975. The defendant raised certain defenses to the assessment in circuit court, including fraud. The circuit court found that the defendant's property had been overvalued and overassessed, and it lowered both the fair market valuation and the assessed valuation. Further, the circuit court ordered the defendant's land to be sold if the defendant failed to pay the lowered taxes within ten days. This Court reversed, holding that an objection to the validity of a tax assessment in an action to enforce a tax lien under § 66 of the General Property Tax Act, MCL 211.66; MSA 7.111, must be addressed to the Tax Tribunal.

Contrary to petitioner's position, the *Eaton* Court did not hold that a taxpayer need not exhaust his administrative remedies pursuant to the procedures set forth in § 35(1) of the Tax Tribunal Act when the validity of the tax is first raised as a defense in a circuit court proceeding. In fact, the defendant in *Eaton,* by timely protesting his assessment before the local board of review, complied with the procedures set forth in § 35(1). Petitioner interprets the *Eaton* case too broadly.

Further, the fact that the defendant in *Eaton* did protest his assessment before the local board of review makes *Eaton* distinguishable from this case. As we indicated above, petitioner herein failed to protest the assessment before the township's board of review, thereby failing to invoke the jurisdiction of the Tax Tribunal.

This case is also distinguishable from *Detroit v Nat'l Exposition Co,* 142 Mich App 539; 370 NW2d 397 (1985). In *Nat'l Exposition,* the defendant owned a piece of property that was condemned by the City of Detroit for the Poletown Project. After obtaining a judgment against the plaintiff for the value of the property, the defendant learned that the plaintiff intended to withhold from the judgment amount $5,837.65 in unpaid lessee-user taxes. The defendant then filed a postjudgment motion in the condemnation proceeding seeking a determination of its tax liability. The trial court, in denying the defendant's motion, ruled that the Tax Tribunal had exclusive jurisdiction of the matter. Thereafter, the trial court granted the defendant's motion to transfer the case to the Tax Tribunal. The plaintiff responded that the tribunal was without jurisdiction because the defendant had failed to protest the tax to the local board of review.

The defendant argued on appeal, among other

things, that the circuit court erred in ruling that it was without jurisdiction to determine the defendant's tax liability.

This Court held that the circuit court had jurisdiction to initially evaluate a taxing authority's right to withhold unpaid taxes from condemnation awards. However, this Court indicated that the appropriate forum for challenging the validity of the tax assessed was the Tax Tribunal pursuant to its authority under MCL 205.731(a); MSA 7.650(31)(a):

> We thus find no error on the part of the trial court in transferring this case to the tribunal for a determination of the validity of the taxes collected by the city. It is undisputed that the circuit court had jurisdiction over the parties when the city initially issued its tax bills for the lessee-user taxes sometime after July 1, 1981. The 30-day filing requirement of MCL 205.735; MSA 7.650(35) has thus been tolled under *Wikman v Novi,* [413 Mich 617, 654; 322 NW2d 103 (1982)]. [*Nat'l Exposition, supra* at 545.]

While this Court in *Nat'l Exposition* affirmed the trial court's order transferring the case to the Tax Tribunal, the present case is distinguishable from *Nat'l Exposition.* In this case, there was no transfer by the circuit court to the tax tribunal. Petitioner was merely given the opportunity to request review by the Tax Tribunal while the circuit court retained jurisdiction of this matter. Further, in this case there was no tolling of the thirty-day filing requirement contained in MCL 205.735(2); MSA 7.650(35)(2). The circuit court action in this case, which concerned personal property taxes for the tax years 1986 through 1989, was not filed until October of 1989, well beyond the thirty-day limit contained in the statute.

In conclusion, we are not persuaded that raising the validity of the tax as a defense in an enforcement action in circuit court entitles a petitioner who has not protested the validity of the tax to review by the Tax Tribunal.

We hold that petitioner did not properly invoke the jurisdiction of the Tax Tribunal in this matter and that the Tax Tribunal therefore properly granted respondent's motion for summary disposition.

Affirmed.