*In re* PETITION OF THE WAYNE COUNTY TREASURER
FOR FORECLOSURE

Docket No. 282995. Submitted October 13, 2009, at Detroit. Decided
October 27, 2009, at 9:05 a.m.

The Wayne County Treasurer petitioned the Wayne Circuit Court
for the entry of a judgment of foreclosure against property
owned by the Prayer Temple of Love. The property had been
forfeited to the petitioner as a result of delinquent property
taxes, including delinquent water and sewerage charges. The
Prayer Temple objected to the entry of a judgment of foreclo-
sure and petitioned to set aside the past forfeiture, asserting
that the property was used for religious purposes and was
therefore exempt from property taxes and also that it simply
could not afford to pay the water and sewerage assessments.
The court, Mary Beth Kelly, J., agreed with the Prayer Temple's
claim that the property was exempt from the assessed taxes,
except the delinquent water and sewerage levies. The court
concluded that because the Treasurer had not contested the
Prayer Temple's inability to pay the water and sewerage levies,
those delinquencies should be included in the next year's
forfeiture and foreclosure proceeding if they remained unpaid.
The court entered an order denying the petition for foreclosure
and setting aside the past forfeiture. The Treasurer appealed,
alleging that the circuit court lacked jurisdiction to determine
the tax-exempt status of the property and that the Tax Tribunal
had exclusive jurisdiction to determine the tax-exempt status of
the property.

The Court of Appeals *held*:

Resolving the question regarding the parcel's exemption status
involves the kind of factual issues that require the Tax Tribunal's
expertise and is simply a direct challenge to a tax assessment per
se. It therefore falls squarely within the Tax Tribunal's exclusive
jurisdiction under MCL 205.731(a). The Tax Tribunal provides the
exclusive forum to determine whether the property is exempt from
property tax. The circuit court lacked jurisdiction to declare the
property exempt from property tax. The order setting aside the

forfeiture and dismissing the petition for foreclosure must be reversed and the case must be remanded to the circuit court for further proceedings.

Reversed and remanded.

TAXATION — TAX TRIBUNAL — JURISDICTION — ASSESSMENTS — EXEMPTIONS.

The Tax Tribunal has exclusive and original jurisdiction over proceedings for review of agency actions relating to property tax assessments; a direct challenge to the validity of a tax assessment that is based on a claim that the property is exempt from property tax falls within the Tax Tribunal's exclusive jurisdiction (MCL 205.731[a]).

*Edward M. Thomas,* Corporation Counsel, and *Richard G. Stanley,* Assistant Corporation Counsel, for the Wayne County Treasurer.

Before: DAVIS, P.J., and WHITBECK and SHAPIRO, JJ.

DAVIS, P.J. The Wayne County Treasurer appeals as of right a circuit court order denying the Treasurer's petition for tax foreclosure against property owned by Prayer Temple of Love and setting aside a prior forfeiture against the same property. We reverse and remand.

The Prayer Temple owns a parcel of property on Woodward Avenue in the city of Highland Park in Wayne County. The parcel has a single tax assessment identity, but it contains three lots on which a church, an activity center, and an outreach center are located. The Treasurer assessed taxes against the Prayer Temple's property for the year 2004, and that assessment apparently included delinquent water and sewerage charges. In 2006, the Treasurer commenced the instant foreclosure action under the General Property Tax Act (GPTA), MCL 211.1 *et seq.* The Prayer Temple raised a number of objections to entry of a foreclosure judgment, and it petitioned to set aside the past forfeiture. Among other arguments, the Prayer Temple asserted that the

property was used for religious purposes and was therefore exempt from property taxes,[1] and that it simply could not afford to pay the assessments. The circuit court agreed that the property was exempt from the assessed taxes, other than the delinquent water and sewerage levies. The circuit court also concluded that, because the Treasurer had not contested the Prayer Temple's inability to pay, the delinquent water and sewerage levies should be included in the next year's forfeiture and foreclosure proceeding if they remained unpaid.

The only issue we have been asked to address in this appeal is whether the circuit court possessed subject-matter jurisdiction to decide whether the Prayer Temple's property was exempt. The Treasurer argues, as it did below, that the Michigan Tax Tribunal has exclusive jurisdiction. We agree.

We review this issue de novo because it concerns the circuit court's subject-matter jurisdiction to determine exemption issues in a foreclosure action under the GPTA. *In re Petition by Wayne Co Treasurer for Foreclosure of Certain Lands for Unpaid Prop Taxes*, 265 Mich App 285, 290; 698 NW2d 879 (2005). In general, "circuit courts are presumed to have subject-matter jurisdiction unless jurisdiction is expressly prohibited or given to another court by constitution or statute." *Id.* at 291. The Tax Tribunal Act, MCL 205.701 *et seq.*,

---

[1] Pursuant to MCL 211.7s,

> [h]ouses of public worship, with the land on which they stand, the furniture therein and all rights in the pews, and any parsonage owned by a religious society of this state and occupied as a parsonage are exempt from taxation under [the General Property Tax Act]. Houses of public worship includes buildings or other facilities owned by a religious society and used predominantly for religious services or for teaching the religious truths and beliefs of the society.

grants the Tax Tribunal exclusive jurisdiction to decide various property tax matters based on "either the subject matter of the proceeding (*e.g.*, a direct review of a final decision of an agency relating to special assessments under property tax laws) or the type of relief requested (*i.e.*, a refund or redetermination of a tax under the property tax laws)." *Wikman v City of Novi*, 413 Mich 617, 631; 322 NW2d 103 (1982). The Tax Tribunal has jurisdiction under MCL 205.731(a) to determine whether a taxpayer is entitled to a property tax exemption because the determination relates to an assessment. See *American Golf of Detroit v Huntington Woods*, 225 Mich App 226, 229; 570 NW2d 469 (1997); *Nicholson v Birmingham Bd of Review*, 191 Mich App 237, 240-241; 477 NW2d 492 (1991).

The Tax Tribunal has exclusive and original jurisdiction over proceedings for review of agency actions relating to property tax assessments. MCL 205.731(a). However, the circuit court is the proper forum for a foreclosure action.[2] MCL 211.78h. And in any such foreclosure action, a person claiming an interest in a tax parcel "set forth in the petition for foreclosure" is expressly permitted to "contest the validity or correctness of the forfeited unpaid delinquent taxes" on the ground that the "property was exempt from the tax in question, or the tax was not legally levied." MCL 211.78k(2)(c). The provisions of the Tax Tribunal Act "are effective notwithstanding the provisions of any statute, charter, or law to the contrary." MCL 205.707. Nevertheless, statutes sharing a common purpose must be read in pari materia and we must give every word or

---

[2] We note that forfeiture is not the same as foreclosure. Pursuant to MCL 211.78g(1), property is forfeited to the county treasurer on March 1 of each tax year for certain delinquent taxes, but a subsequent foreclosure judgment is necessary for the county treasurer to obtain possession.

phrase in them some meaning while avoiding conflict, if at all possible. See *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998). The circuit court is not, therefore, entirely without jurisdiction to entertain arguments against forfeiture that are based on a claimed tax exemption.

Critically, the nature of arguments against forfeiture is limited. "The need to preserve the tribunal's exclusive jurisdiction is especially great where . . . factual issues requiring the tribunal's expertise are present." *Michigan Consolidated Gas Co v China Twp*, 114 Mich App 399, 403; 319 NW2d 565 (1982). Its "membership is well-qualified to resolve the disputes concerning those matters that the Legislature has placed within its jurisdiction: assessments, valuations, rates, allocation and equalization." *Romulus City Treasurer v Wayne Co Drain Comm'r*, 413 Mich 728, 737; 322 NW2d 152 (1982). The Tax Tribunal has no jurisdiction to hold statutes invalid or to consider constitutional matters; only the circuit court may do so. *WPW Acquisition Co v City of Troy (On Remand)*, 254 Mich App 6, 8; 656 NW2d 881 (2002). Thus, if a challenge to a tax assessment rests solely on an argument that the tax assessment was made under authority of an illegal statute, the circuit court would have jurisdiction over the matter. But merely phrasing a claim in constitutional terms will not divest the Tax Tribunal of its exclusive jurisdiction. *Wikman, supra* at 647. Here, the Prayer Temple's argument is not that the tax was assessed pursuant to an illegal statute, but rather that the factual circumstances make the tax assessment illegal under unchallenged statutes.

Where a forfeiture challenge does not require any findings of fact, but rather only construction of law— where no factual issues requiring the tribunal's exper-

tise are present—the circuit court has jurisdiction to consider the issue. *Joy Mgt Co v Detroit*, 176 Mich App 722, 728; 440 NW2d 654 (1989), overruled in part on other grounds by *Detroit v Walker*, 445 Mich 682, 697 n 20 (1994). However, *Joy Mgt Co* addressed only a challenge to the method used to enforce payment of a tax assessment. We conclude that the same reasoning applies to any challenge to a tax assessment based not on the validity of the assessment per se, but on peripheral issues relevant to enforcing a tax assessment. Here, however, the Prayer Temple's challenge is directly to the validity of the tax assessment itself.

The Prayer Temple specifically argues that the property tax assessment is invalid because the "houses of public worship" exception, MCL 211.7s, applies. The basis for the property tax assessment in this case was the Prayer Temple's outreach center, which had been leased to a private party at least until 2003. The Treasurer argues that the outreach center falls outside the "houses of public worship" exception in MCL 211.7s.[3] Under the circumstances, we find that resolving this challenge—to a parcel's exemption status— involves the kind of factual issues that require the Tax Tribunal's expertise, and it is simply a direct challenge to a tax assessment per se. It therefore falls squarely within the Tax Tribunal's exclusive jurisdiction. Similar to the Court in *State Treasurer v Eaton*, 92 Mich App 327; 284 NW2d 801 (1979), we conclude that the Tax Tribunal provides the exclusive forum to determine whether the property is exempt from property tax.[4] See

---

[3] Nothing in this opinion is intended to express any view regarding whether MCL 211.7s does apply.

[4] For proceedings commenced before January 1, 2007, a taxpayer invoked the Tax Tribunal's jurisdiction by filing an appeal, after a proper protest before the local board of review, as provided in MCL 205.735 (subsequently MCL 205.735a). *Simmons Airlines, Inc v Negaunee Twp*,

*Simmons Airlines, Inc v Negaunee Twp*, 192 Mich App 456, 460-462; 481 NW2d 760 (1992).

This matter is a direct challenge to a tax bill and thus within the Tax Tribunal's jurisdiction. *Grosse Ile Comm for Legal Taxation v Grosse Ile Twp*, 129 Mich App 477, 486; 342 NW2d 582 (1983). As a matter of law, the circuit court lacked jurisdiction to declare the parcel exempt from property tax. The parties briefed other issues, but they are unnecessary for us to address in light of our above analysis and the parties' assertions at oral argument that they have become moot. We therefore express no opinion regarding any other matter raised by the parties below or in their briefs on appeal.

The trial court's order setting aside the forfeiture and dismissing the petition for foreclosure is reversed, and the case is remanded to the circuit court for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

192 Mich App 456; 481 NW2d 760 (1992); see also *Electronic Data Sys Corp v Flint Twp*, 253 Mich App 538, 542-543; 656 NW2d 215 (2002).