# STATE OF MICHIGAN

# COURT OF APPEALS

IN RE PETITION OF KALAMAZOO COUNTY
TREASURER FOR FORECLOSURE.

UNPUBLISHED
February 20, 2018

KALAMAZOO COUNTY TREASURER,

Petitioner-Appellee,

v

No. 337454
Kalamazoo Circuit Court
LC No. 2016-000250-CZ

HOPE WOODS LIMITED DIVIDEND
HOUSING ASSOCIATION LIMITED
PARTNERSHIP,

Respondent-Appellant.

Before: MURPHY, P.J., and O'CONNELL and K. F. KELLY, JJ.

PER CURIAM.

Respondent, Hope Woods Limited Dividend Housing Association Limited Partnership (Hope Woods), appeals as of right the circuit court's order overruling its objection to foreclosure. We reverse and remand.

## I. BACKGROUND

Hope Woods owns and manages the Hope Woods Senior Community, a senior housing facility. In October 2014, Oshtemo Charter Township gave Hope Woods notice of a special assessment for fire protection services under MCL 41.801. Hope Woods did not respond to this notice and did not pay the special assessment.

In June 2016, Kalamazoo County filed a petition in the circuit court to foreclose on multiple parcels of property with delinquent taxes. Hope Woods filed an objection in the circuit court, arguing that the assessment was not legally levied because the property was exempt from the Township's special assessment under MCL 41.801(3). The circuit court decided that it had jurisdiction to decide the issue, and it overruled Hope Woods's objection, ruling that Hope Woods was subject to the special assessment.

## II. DISCUSSION

-1-

The parties dispute the circuit court's jurisdiction to determine whether Hope Woods was subject to the special assessment. We review de novo "the circuit court's subject-matter jurisdiction to determine exemption issues in a foreclosure action under the [General Property Tax Act]." *In re Petition of the Wayne Co Treasurer for Foreclosure*, 286 Mich App 108, 110; 777 NW2d 507 (2009) (*Wayne Co*).

Circuit courts have original jurisdiction over all civil claims unless the Michigan Constitution or a statute confers jurisdiction on another tribunal. Const 1963, art 6, § 13; MCL 600.605; *Ammex, Inc v Dep't of Treasury*, 272 Mich App 486, 494; 726 NW2d 755 (2006). The circuit courts have jurisdiction over foreclosure petitions. MCL 211.78h. A property owner may challenge the foreclosure petition on the basis that the property is exempt from the tax or "the tax was not legally levied." MCL 211.78k(2)(c). The Tax Tribunal Act, MCL 205.701 *et seq*., grants the Tax Tribunal "exclusive and original jurisdiction" over various property tax matters, including review of an agency's decision regarding a special assessment. MCL 205.731(a). The provisions of the Tax Tribunal Act "are effective notwithstanding the provisions of any statute, charter, or law to the contrary." MCL 205.707.

This Court addressed the interaction of the provisions governing the jurisdiction of the circuit courts and the Tax Tribunal in *Wayne Co*, 286 Mich App 108. This Court explained that the circuit court has jurisdiction to hear claims of tax exemption in foreclosure proceedings if the basis of the claim is the constitutionality of the statute or "peripheral issues" related to enforcement of the tax assessment. *Id*. at 112-113. On the other hand, the Tax Tribunal has jurisdiction when the challenge to a tax assessment raises fact questions. *Id*. at 112. In addition, a claim that directly challenges "the validity of the tax assessment itself" is properly within the Tax Tribunal's jurisdiction. *Id*. at 113-114. Similarly, in this case, Hope Woods argued in foreclosure proceedings that it was exempt from the special assessment because it was the type of housing project that is exempt from ad valorem taxation under MCL 125.1415a(1). This challenge to the validity of the assessment presents the type of claim that falls within the Tax Tribunal's jurisdiction. Therefore, we conclude that the circuit court lacked subject-matter jurisdiction to resolve Hope Woods's exemption claim.

We reverse and remand with instructions for the trial court to enter an order dismissing Hope Woods's objection to foreclosure for lack of subject-matter jurisdiction. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Peter D. O'Connell
/s/ Kirsten Frank Kelly

-2-