*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF STATE TREASURER FOR FORECLOSURE FOR UNPAID TAX.

---

STATE TREASURER,

      Petitioner-Appellant,

v

HARTLAND GLEN,

      Respondent-Appellee.

UNPUBLISHED
November 26, 2019

No. 345178
Livingston Circuit Court
LC No. 17-029459-CZ

---

Before: BORRELLO, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

Petitioner appeals as of right the trial court's denial of its motion to proceed with a tax foreclosure on property owned by respondent, Hartland Glen Development LLC. For the reasons set forth in this opinion, we reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The parcel at issue in this case has delinquent property taxes dating back to 2007. Although the parcel has been listed in annual property tax foreclosure petitions since 2010, it has apparently been withheld from foreclosure each year due to ongoing litigation related to special assessments that were levied on the subject parcel along with four other parcels that were owned by respondent.

At issue in this appeal is petitioner's June 2017 petition for foreclosure, which was brought under the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, and included the subject parcel. The trial court entered a judgment of foreclosure on February 1, 2018, but it withheld the subject property from foreclosure "pending further order of the Court." The order further specified that it did not "preclude inclusion of this parcel in any subsequent petition for foreclosure nor does it preclude foreclosure of this parcel in any subsequent tax foreclosure

-1-

case." In June 2018, petitioner filed a motion to proceed with the tax foreclosure of the subject parcel arguing there was no valid reason to further delay foreclosure on the parcel if respondent did not pay what was owed within 21 days. Petitioner maintained that there were no pending tax assessment appeals in the Michigan Tax Tribunal (MTT) or from the MTT to any Michigan appellate court for the subject parcel, and petitioner further argued that the ad valorem tax assessments and special assessment amounts were final and not subject to any further judicial review.

Respondent countered that foreclosure was premature because separate pending litigation that was initiated in the circuit court[1] between respondent[2] and Hartland Township (where the subject parcel is located) involved the amount of the special assessment for the subject property based on how Hartland Township had reallocated residential equivalent units (REUs) between the subject parcel and another parcel owned by respondent. Respondent further argued that the outcome of the other circuit court proceeding would impact the amount of taxes and assessments respondent owed on the subject parcel and that were being sought by petitioner in the instant action.

The trial court denied petitioner's motion based, in part, on respondent's representations relative to issues pending in the other circuit court action. The trial court concluded that it "would be unfair . . . to force the land owner to pay on matters that are in legitimate dispute." A written order stating that petitioner's motion was "denied for all the reasons stated on the record" was entered on August 2, 2018. This appeal ensued.

## II. THIS COURT'S JURISDICTION

As a threshold matter, we must first address respondent's argument that this Court lacks jurisdiction over this appeal. "Whether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009). Respondent contends that the trial court's order denying petitioner's motion to proceed with the tax foreclosure was not a final order appealable by right. Respondent characterizes the trial court's ruling as a "stay" of the foreclosure proceedings and maintains that petitioner had to seek leave to appeal this "interlocutory" order.

Respondent mischaracterizes the nature of the trial court's August 2, 2018 order. On February 1, 2018, the trial court entered a judgment of foreclosure in which it specifically withheld the subject property from foreclosure "pending further order of the Court." The order provided that it did not "preclude inclusion of this parcel in any subsequent petition for foreclosure nor does it preclude foreclosure of this parcel in any subsequent tax foreclosure

---

[1] At the time that the trial court in this case decided petitioner's motion to proceed with tax foreclosure, an application for leave to appeal a ruling in the other circuit court proceeding was pending in this Court.

[2] Respondent was the plaintiff in the other action, but for the sake of consistency, we will continue to refer to Hartland Glen as respondent at all times in this opinion.

case." Petitioner moved in June 2018 to proceed with the tax foreclosure regarding the subject parcel, and the trial court denied this motion in its August 2, 2018 order. Thus, the effect of this order was to deny petitioner from foreclosing on the subject parcel as part of its 2017 foreclosure petition.

MCL 211.78k(5) requires a circuit court to "enter final judgment on a petition for foreclosure filed under [MCL 211.78h] at any time after the hearing under this section but not later than the March 30 immediately succeeding the hearing with the judgment effective on the March 31 immediately succeeding the hearing for uncontested cases or 10 days after the conclusion of the hearing for contested cases." Under MCL 211.78k(5)(g), a "judgment entered under this section *is a final order with respect to the property affected by the judgment* and except as provided in subsection (7) shall not be modified, stayed, or held invalid after the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or for contested cases 21 days after the entry of a judgment foreclosing the property under this section." (Emphasis added.) A foreclosing governmental unit "may appeal the circuit court's order or the circuit court's judgment" in a foreclosure proceeding to the court of appeals. MCL 211.78k(7). Accordingly, petitioner was permitted to appeal the trial court's August 2, 2018 order as of right. In the alternative, we may treat this appeal as an application for leave to appeal, grant leave, and proceed to address the substantive issues. *In re Ballard*, 323 Mich App 233, 235 n 1; 916 NW2d 841 (2018); MCR 7.203(B)(1).

### III. DENIAL OF MOTION TO PROCEED WITH TAX FORECLOSURE

On appeal, petitioner argues that the trial court erred by denying petitioner's motion to proceed with the tax foreclosure on the subject parcel because the existence of the other circuit court action involving the subject parcel did not constitute a legal basis to withhold that parcel from foreclosure.

Petitioner's argument requires us to engage in statutory construction, which presents a question of law that is reviewed de novo. *In re Petition by Wayne Co Treasurer*, 478 Mich 1, 6; 732 NW2d 458 (2007). "The primary goal of statutory interpretation is to ascertain and give effect to the Legislature's intent as expressed by the language of the statute." *Braska v Challenge Mfg Co*, 307 Mich App 340, 352; 861 NW2d 289 (2014) (quotation marks and citation omitted). "If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted; the statute must be enforced as written." *Id*.

In a tax foreclosure action under the GPTA, "a person claiming an interest in a tax parcel 'set forth in the petition for foreclosure' is expressly permitted to 'contest the validity or correctness of the forfeited unpaid delinquent taxes' . . . ." *In re Petition of Wayne Co Treasurer for Foreclosure*, 286 Mich App 108, 111; 777 NW2d 507 (2009), quoting MCL 211.78k(2). However, "the nature of arguments against forfeiture is limited." *Id*. at 112. MCL 211.78k provides in pertinent part as follows:

> (2) A person claiming an interest in a parcel of property set forth in the petition for foreclosure may contest the validity or correctness of the forfeited unpaid delinquent taxes, interest, penalties, and fees for 1 or more of the following reasons:

(a) No law authorizes the tax.

(b) The person appointed to decide whether a tax shall be levied under a law of this state acted without jurisdiction, or did not impose the tax in question.

(c) The property was exempt from the tax in question, or the tax was not legally levied.

(d) The tax has been paid within the time limited by law for payment or redemption.

(e) The tax was assessed fraudulently.

(f) The description of the property used in the assessment was so indefinite or erroneous that the forfeiture was void.

(3) A person claiming an interest in a parcel of property set forth in the petition for foreclosure who desires to contest that petition shall file written objections with the clerk of the circuit court and serve those objections on the foreclosing governmental unit before the date of the hearing required under this section.

(4) If the court determines that the owner of property subject to foreclosure is a minor heir, is incompetent, is without means of support, or is undergoing a substantial financial hardship, the court may withhold that property from foreclosure for 1 year or may enter an order extending the redemption period as the court determines to be equitable. If the court withholds property from foreclosure under this subsection, a taxing unit's lien for taxes due is not prejudiced and that property shall be included in the immediately succeeding year's tax foreclosure proceeding.

None of the situations outlined in MCL 211.78k(2) or (4) are implicated by the factual circumstances in this case. In the trial court, respondent argued that the subject parcel should be withheld from foreclosure because of pending, separate litigation involving the parcel. The separate action referred to was between respondent and the township in which the subject parcel was situated, and it involved respondent's claims of breach of contract, promissory estoppel, unjust enrichment, substantive due process violation, taking without just compensation, inverse condemnation, equal protection violation, declaration of rights under the contract, and rescission. All of these claims were premised on respondent's allegation that the township had contracted with respondent to assess 144 REUs to each of the five parcels respondent had owned and that the township had breached this contract by reassessing these REUs after 3 of the parcels had been foreclosed on[3] so as to assess 603.14 REUs to one of respondent's remaining parcels and

---

[3] Respondent's unjust enrichment claim was also premised on the allegation that the township was unjustly enriched by acquiring through foreclosure the other three parcels that respondent had owned.

4.97 REUs to the parcel that is the subject of the instant case now before us on appeal.[4] In the separate action, respondent sought money damages and declaratory relief. However, no part of the second amended complaint in that case purported to be a direct challenge to the legality of any special assessments or property taxes. That the separate action was not a challenge to any assessment or tax is made even more obvious by the fact that petitioner was not a party to the separate action.

Furthermore, MCL 211.78g(1) does not provide a ground on which to withhold the subject parcel from foreclosure. MCL 211.78g(1) provides as follows:

> (1) Except as otherwise provided in this subsection, on March 1 in each tax year, certified abandoned property and property that is delinquent for taxes, interest, penalties, and fees for the immediately preceding 12 months or more is forfeited to the county treasurer for the total amount of those unpaid delinquent taxes, interest, penalties, and fees. If property is forfeited to a county treasurer under this subsection, the foreclosing governmental unit does not have a right to possession of the property until the April 1 immediately succeeding the entry of a judgment foreclosing the property under section 78k or in a contested case until 22 days after the entry of a judgment foreclosing the property under section 78k. If property is forfeited to a county treasurer under this subsection, the county treasurer shall add a $175.00 fee to each parcel of property for which those delinquent taxes, interest, penalties, and fees remain unpaid. *A county treasurer shall withhold a parcel of property from forfeiture for any reason determined by the state tax commission. The procedure for withholding a parcel of property from forfeiture under this subsection shall be determined by the state tax commission.* [Emphasis added.]

The state tax commission has published guidance intended "to comply with the requirements of MCL 211.78g(1)" and which is potentially relevant to the factual circumstances at issue in this case:

> A property which is under appeal to the Michigan Tax Tribunal, the State Tax Commission or the Courts shall be withheld from forfeiture but only for the year under appeal. Example: a parcel for which taxes have not been paid for tax years 2008, 2009, and 2010 but is under appeal only for the 2010 tax year can still be forfeited for the 2008 and 2009 tax years.

> Procedure: If the property is forfeited in error, the County Treasurer removes all of the fees attached to the parcel, files a Cancellation of Certificate of Forfeiture (form 3839) with the Register of Deeds and the foreclosing governmental unit withholds the parcel from foreclosure and stops all title work

---

[4] We express no opinion on the merits of respondent's separate action; that action is not a part of this appeal.

on the parcel. [State Tax Commission Bull 2011-09, Withholding from Forfeiture, statement of purpose and ¶ 4.]

However, this provision is only implicated if the property is "*under appeal* to the Michigan Tax Tribunal, the State Tax Commission or the Courts." *Id*. (emphasis added). To appeal means to "seek review (from a lower court's decision) by a higher court." *Black's Law Dictionary* (11th ed). In this case, although the subject parcel is involved in the other separate circuit court action, it is not "under appeal" because the other action involves respondent's distinct breach-of-contract and related claims against the township; the other action did not purport to be an attempt to "seek review" of any other tribunal's decision, much less another tribunal's decision related to the property taxes or special assessments for the subject parcel. Therefore, under the factual circumstances presented in this case, MCL 211.78g(1) also does not support the trial court's decision to withhold the subject parcel from foreclosure on the basis of the other pending circuit court action.

In arguing that the separate action warranted withholding the subject parcel from foreclosure in this case, respondent did not provide the trial court with any legal authority justifying its entitlement to such relief. Rather, respondent implied, as it does on appeal, that there exists a legal basis for withholding the parcel from foreclosure. However, our review of the record leads us to conclude that respondent failed to present any such factual or legal evidence to support this argument. Respondent did not argue that any of the grounds listed in MCL 211.78k(4)—that the owner of property subject to foreclosure is a minor heir, is incompetent, is without means of support, or is undergoing a substantial financial hardship— warranted withholding the parcel from foreclosure. Respondent also did not challenge the foreclosure action on any of the grounds listed in MCL 211.78k(2). Nor did respondent cite any other statute or appellate court decision to support its argument. As we have already stated, nothing within MCL 211.78k or MCL 211.78g(1) provides that a court may withhold a parcel from foreclosure on the basis asserted by respondent in this case. Accordingly, because there was no legal basis for not proceeding with the foreclosure on the subject parcel, the trial court erred by denying petitioner's motion to proceed with the tax foreclosure.

On appeal, respondent also undertakes an alternative argument in an effort to prevail if a direct legal application of the relevant statutory provisions is unsuccessful by additionally arguing that the trial court's ruling was justified by "longstanding equitable principles inherent in our judicial system." As to this somewhat generic argument, respondent first argues that the trial court's ruling was permissible because of the "inherent power of a court to control the movement of cases on its docket." Respondent cites *Banta v Serban*, 370 Mich 367, 368; 121 NW2d 854 (1963), and MCL 600.611 ("Circuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit courts' jurisdiction and judgments."). However, neither *Banta* nor the statute advances respondent's argument.

As an initial matter, respondent's argument ignores the full context of our Supreme Court's statements in *Banta*, which we set forth in full below:

We have recognized the inherent power of a court to control the movement of cases on its docket by a variety of sanctions including dismissal, discontinuance or involuntary nonsuit even when requests for continuances are

timely made and, lacking persuasive merit, are denied. It necessarily follows that a trial court has power to dismiss an action upon the unexcused absence of plaintiff and his counsel when the case is called for trial. [*Banta*, 370 Mich at 368 (citations omitted).]

In *Banta*, the trial court dismissed the plaintiff's case as a sanction for the failure of the plaintiff and the plaintiff's counsel to appear when the case was called for trial. *Id*. Our Supreme Court held that because there was a "complete failure" to show (1) that the absence was unavoidable or excusable and (2) that justice required subsequent vacation of the order of dismissal, it could not "say the trial judge abused his discretion by failing to set aside his order of dismissal." *Id*. at 369-370.

In this case, the trial court's order was not a sanction imposed against petitioner for its conduct, and *Banta* is simply inapplicable. Moreover, the order at issue in this case—denying petitioner's motion to proceed with the tax foreclosure—was not premised on the trial court's inherent authority to control its docket or to enter orders to effectuate its jurisdiction and judgments. Rather, the order represented the trial court's disposition of the 2017 foreclosure petition with respect to the subject parcel, which we now review for its legal propriety. A trial court's inherent authority to control its docket and enter orders to effectuate its jurisdiction and judgments obviously does not extend to errors of law such as the error that occurred in this case. See *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 208; 920 NW2d 148 (2018) ("A trial court necessarily abuses its discretion when it makes an error of law.") (quotation marks and citation omitted).

Finally, respondent analogizes the trial court's ruling to a preliminary injunction. However, as respondent admits, the trial court did not issue an injunction and respondent never sought one in this action. In making this argument, respondent persists in erroneously characterizing the trial court's order as a "stay." We decline to wade into these hypothetical waters, completely unmoored from any ruling actually made by the trial court. *Allen v Keating*, 205 Mich App 560, 564; 517 NW2d 830 (1994) ("Appellate review is limited to issues actually decided by the trial court.")

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Petitioner having prevailed, may tax costs. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto