*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TRINI ATUN EL BEY, Trustee of the IERE ATUN BEY TRUST,

UNPUBLISHED
May 25, 2023

Plaintiff-Appellant,

v

No. 361586
Wayne Circuit Court
LC No. 21-005175-CZ

COUNTY OF WAYNE, WAYNE COUNTY TREASURER, WAYNE COUNTY REGISTER OF DEEDS, WAYNE COUNTY EXECUTIVE, WAYNE COUNTY SHERIFF, and WAYNE PROBATE JUDGE FREDDIE BURTON, JR.,

Defendants-Appellees.

Before: RICK, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM.

In this matter involving a property tax delinquency, plaintiff, proceeding *in propria persona*, appeals as of right the trial court's order granting summary disposition in favor of defendants. We affirm.

## I. FACTUAL BACKGROUND

In April 2021, plaintiff filed the complaint giving rise to this action. Plaintiff alleged therein that he made three money-order payments to defendant Wayne County Treasurer, all of which included the statement, "Full Satisfaction of Claim." A fourth money order, also made out to the Wayne County Treasurer, was notated, "Under Duress." The complaint characterized these payments as "offers to contract." Plaintiff claimed that, because of the notations, "payment disputes" (referring to owed property taxes) for 2016, 2017, 2019, and 2020 should have been discharged under MCL 440.3311 of the Uniform Commercial Code (UCC), MCL 440.1102 *et seq*. Plaintiff sought $12,000 in compensatory damages and $56 million in punitive damages for "breach of contract, fraud, pain and suffering, undue enrichment, harassment, emotional distress and dishonor."

-1-

In lieu of answering the complaint, defendants moved for summary disposition, arguing that dismissal was proper under MCR 2.116(C)(4), (7), (8), and (10). As relevant to this appeal, defendants argued that they were entitled to summary disposition under MCR 2.116(C)(4) because the trial court lacked subject-matter jurisdiction over plaintiff's claims. Plaintiff responded to the motion by asserting, in relevant part, that jurisdiction was proper under Michigan's 1850 Constitution. Plaintiff also filed a competing motion for summary disposition, seeking judgment in his favor under MCR 2.116(C)(9) and (10).

At a hearing in front of the trial court, the court agreed with defendants on all grounds and granted summary disposition in their favor. As relevant to this appeal, the court found that summary disposition was proper under MCR 2.116(C)(4) because the Michigan Tax Tribunal had exclusive jurisdiction over plaintiff's claims. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). Summary disposition under MCR 2.116(C)(4) is proper when "[t]he court lacks jurisdiction of the subject matter." "In reviewing a motion under MCR 2.116(C)(4), it is proper to consider the pleadings and any affidavits or other documentary evidence submitted by the parties to determine if there is a genuine issue of material fact." *Toaz v Dep't of Treasury*, 280 Mich App 457, 459; 760 NW2d 325 (2008). "[T]his Court must determine whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate . . . [a lack of] subject matter jurisdiction." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

"Subject-matter jurisdiction refers to a court's power to act and authority to hear and determine a case." *Forest Hills Coop v City of Ann Arbor*, 305 Mich App 572, 617; 854 NW2d 172 (2014). Under MCL 600.605, "[c]ircuit courts have original jurisdiction to hear and determine all civil claims and remedies, *except where exclusive jurisdiction is given in the constitution or by statute to some other court* or where the trial courts are denied jurisdiction by the constitution or statutes of this state." (Emphasis added.) The jurisdiction of the Michigan Tax Tribunal is set forth in MCL 205.731. That provision states that the Tax Tribunal has "exclusive and original jurisdiction" over all of the following:

> (a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state.

> (b) A proceeding for a refund or redetermination of a tax levied under the property tax laws of this state.

> (c) Mediation of a proceeding described in subdivision (a) or (b) before the tribunal.

> (d) Certification of a mediator in a tax dispute described in subdivision (c).

(e) Any other proceeding provided by law. [MCL 205.731.]

Accordingly, the question we must address in this appeal is whether plaintiff's complaint is of the kind that falls within the exclusive jurisdiction of the Tax Tribunal. If so, then the trial court was deprived of jurisdiction. See MCL 600.605.

"The Tax Tribunal has no jurisdiction to hold statutes invalid or to consider constitutional matters; only the circuit court may do so." *In re Petition of Wayne Co Treasurer for Foreclosure*, 286 Mich App 108, 112; 777 NW2d 507 (2009). Accordingly, "if a challenge to a tax assessment rests solely on an argument that the tax assessment was made under authority of an illegal statute, the circuit court would have jurisdiction over the matter." *Id*. "But merely phrasing a claim in constitutional terms will not divest the Tax Tribunal of its exclusive jurisdiction." *Id*.

Before turning to the substantive analysis, we recognize that, at all times, plaintiff has been proceeding *in propria persona*. As a general rule, we allow leniency to such litigants. See *Haines v Kerner*, 404 US 519, 520; 92 S Ct 594; 30 L Ed 2d 652 (1972); *Hein v Hein*, 337 Mich App 109, 115; 972 NW2d 337 (2021). That leniency is not without limitation, however. See *Bachor v City of Detroit*, 49 Mich App 507, 512; 212 NW2d 302 (1973). With these principles in mind, we turn to the plaintiff's complaint and argument.

While plaintiff's complaint makes vague assertions that the challenged assessments violated "various constitutional provisions," he never challenges the constitutional validity of the authorizing statute, i.e., the General Property Tax Act (GPTA), MCL 211.1 *et seq*. Moreover, even under the most generous reading of plaintiff's complaint, he fails to identify which, if any, of his constitutional rights were violated. Consequently, despite alluding to "various constitutional provisions" in his complaint, we do not read plaintiff's complaint as raising any type of constitutional claim. Rather, the crux of plaintiff's claim as stated in his complaint—and developed in subsequent pleadings—is that his partial payments sufficed as an accord and satisfaction under the UCC, such that his partial payments extinguished the remainder of the tax liability and satisfied plaintiff's tax burden for the year in question. Plaintiff's complaint also states that he "filed a complaint with the Michigan Consumer Protection Agency," but he does not elaborate any further. However, reading plaintiff's complaint leniently and in conjunction with his other filings, we interpret this statement in his complaint as alluding to a claim under the Fair Debt Collection Act by classifying the attempt to collect delinquent property taxes as a debt requiring a written contact.

Having reviewed plaintiff's complaint, and keeping in mind that, at all times, plaintiff has been proceeding *in propria persona*, we conclude that the only reasonable interpretation of plaintiff's claim is that he seeks a "redetermination" of the taxes he owes by requesting that his tax liability be extinguished. Under these circumstances, plaintiff's challenge is nothing more than a direct challenge to the tax assessment. Plaintiff's complaint, therefore, is squarely within the Tax Tribunal's exclusive jurisdiction as a "proceeding for a refund or redetermination of a tax levied under the property tax laws of this state." MCL 205.731(b). It follows that, as a matter of law, the trial court lacked subject-matter jurisdiction to consider the substance of plaintiff's

complaint. Accordingly, we conclude that summary disposition was proper under MCR 2.116(C)(4).[1]

On appeal, plaintiff cites Const 1850, art 18, § 2 and "A.P.A. of 1946" as "the proper jurisdiction," but he never develops an argument for how these authorities granted the trial court subject-matter jurisdiction. While we are sympathetic to the fact that appellant is proceeding *in propria persona*, there is no amount of leniency with which we could read plaintiff's brief on appeal as sufficiently presenting the issue for review. As our Supreme Court has recognized:

> It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. [*Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (quotation marks and citation omitted).]

Accordingly, because plaintiff has failed to explain why the authorities he cites in his brief vest jurisdiction in the trial court, we deem plaintiff's argument abandoned.[2]

The remainder of plaintiff's arguments on appeal are perfunctory and, at best, difficult to follow. Plaintiff's main contention seems to be that the trial court erred by failing to consider plaintiff's motion for summary disposition and plaintiff's evidence, as opposed to (allegedly) accepting as evidence statements made by defense counsel. None of these claims warrant relief.

First, there is no merit to plaintiff's claim that the trial court erred by not considering plaintiff's motion for summary disposition. Implicit in the trial court's grant of summary disposition for defendants was a denial of plaintiff's motion for summary disposition. In other words, the trial court did consider plaintiff's motion, just not in the explicit manner plaintiff would have preferred. This course of action was not error; courts are vested with the power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Persichini v William Beaumont Hosp*, 238 Mich App 626, 639; 607 NW2d 100 (1999). It follows that the court was not bound to manage the case in the manner that plaintiff would have preferred.[3]

---

[1] Because the trial court lacked subject-matter jurisdiction, it lacked the authority to consider whether dismissal was proper under MCR 2.116(C)(7), (8), and (10), and we decline to consider those alternative grounds.

[2] Even if we attempted to address plaintiff's argument in this respect, we would conclude that it is without merit. Const 1850, art 18, § 2 pertains to compensation for the taking of private property and is irrelevant to the question of the trial court's jurisdiction. For plaintiff's other citation, it is unclear what authority plaintiff is referring to when he cites "A.P.A. of 1946."

[3] Plaintiff seems to suggest that the trial court's failure to explicitly address his motion for summary disposition is a ruling that the "Organic Michigan Constitutions" are invalid, specifically Const 1850, art 6, § 27 and Const 1850, art 18, § 2. This constitution has been superseded, however, so

Next, plaintiff contends that the trial court erred by allowing defense counsel to enter hearsay testimony while not under oath. In his brief on appeal, however, plaintiff does not identify where in the lower court file defense counsel provided such testimony,[4] and, having reviewed the lower court file ourselves, we can find nothing to support plaintiff's contention that defense counsel was allowed to testify. As near as we can tell, plaintiff is taking issue with defense counsel's opportunity to present oral argument before the trial court, but that is obviously permissible, and it is clearly not testimony.

For similar reasons, plaintiff fails to establish error requiring reversal with respect to his arguments that trial court erred by not determining the validity of the affidavits and by not following the rules of evidence. Plaintiff fails to provide any references to the relevant portions of the record to support the factual basis for his claims, and our review of the record confirms that his claims have no factual basis. Accordingly, plaintiff is not entitled to appellate relief on these claims.[5]

Affirmed.

/s/ Michelle M. Rick
/s/ Douglas B. Shapiro
/s/ Colleen A. O'Brien

---

there is no way the trial court could have violated it. See *City of Gaylord v Beckett*, 378 Mich 273, 314; 144 NW2d 460 (1966).

[4] Plaintiff cites "Exhibit K," but that exhibit is a legal case.

[5] Plaintiff raises two additional issues—whether the trial court erred by deciding the summary disposition motion when defendants were not present and whether the trial court erred by stating that plaintiff lacked standing—but he does not address these issues in the analysis portion of his brief. Accordingly, these issues are abandoned. See *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003).